UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-235-FDW

| | |
|---|---|
| GARY LEON DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AVERY MITCHELL CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). Also pending are Plaintiff's Motion for Jury Trial, (Doc. No. 15), and Motion to Appoint Counsel, (Doc. No. 19). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 18).

**I.  BACKGROUND**

*Pro se* Plaintiff Gary Leon Duncan is a pretrial detainee currently incarcerated at the New River Valley Regional Jail in Dublin, Virginia. He filed this action on August 7, 2017, pursuant to 42 U.S.C. § 1983. He names as Defendants: Avery Mitchell Correctional Institution; "N.C.I.G./RNCC Supervisor" Ronna Romeny McDaniel; Warden Mike Bell; and Head Administrator Jeff Mackvick. (Doc. No. 1 at 1). Plaintiff alleges that he served a North Carolina criminal sentence at the Avery Mitchell Correctional Institution and, before he was released, he asked whether an N.C.I.S. search was done to make sure he has no pending charges that would hinder his release. He received no response. Upon his release from Avery Mitchell C.I., he got a job and a home, which he furnished. Seven months after his release, he was pulled over on a traffic violation and was arrested on an outstanding fugitive warrant from August 30, 2013. He told the

1

officer that the warrant must have been a mistake because the Department of Public Safety had cleared him of all charges. The warrant was active while Plaintiff was at Avery Mitchell C.I. The institution's negligent "failures" and "policies and procedures violated [his] liberties and rights" and resulted in Plaintiff losing "everything [he] had accomplished and all [his] property, money that was invested … [and] personal belongings" amounting to several thousands of dollars. (Doc. No. 1 at 2). He alleges that the negligent actions of one or more Defendants deprived him twice of his life, liberty and property. He seeks "mental illness and computation for all property lost in the amount(s) of $120,000" and "administrative punishments" of the named officials. Plaintiff seeks a jury trial. (Doc. No. 15).

On September 27, 2017, Plaintiff filed a motion alleging that this matter is "ripe" and that he would like legal counsel to represent him going forward. (Doc. No. 19).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under § 1983 are directed at "persons" acting under the color of state law who violated the plaintiff's constitutional rights. 42 U.S.C. § 1983. A party's capacity to be sued is determined by the law of the State in which the District Court resides. Fed. R. Civ. P. 17(b). Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. McPherson v. First & Citizens Nat'l Bank of Elizabeth City, 240 N.C. 1, 18, 81 S.E.2d 386 (1954). North Carolina law provides that "[t]he Department of Correction is a state agency created for the performance of essentially governmental functions, and a suit against this department is a suit against the State." Harwood v. Johnson, 326 N.C. 231, 238, 388 S.E.2d 439, 443 ((citing Pharr v. Garibaldi, 252 N.C. 803, 115 S.E.2d 18 (1960)); Thigpen v. Cooper, 739 S.E.2d 165 (N.C. Ct. App. 2013) (the State is not a "person" for purposes of § 1983, and thus cannot be sued under that statute).

Avery Mitchell C.I. is not a "person" under § 1983 because a suit against it is a suit against North Carolina, and sovereign immunity has not been waived. See Harwood, 326 N.C. at 238.

Plaintiff's claims against the other Defendants are too vague and conclusory to proceed. Plaintiff states no facts whatsoever with regards to any of these Defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see Fed. R. Civ. P. 8(a)(2) (a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). His vague references to negligence and "policies and procedures" fail to state how any of the Defendants violated Plaintiff's constitutional rights; their supervisory roles alone are an insufficient basis for § 1983 liability. See generally Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior

does not apply); King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016).

Because Plaintiff's Complaint suffers from numerous deficiencies, he must amend his complaint or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. Plaintiff's amended complaint must be on the required form and comply with all applicable rules and procedures. Plaintiff is cautioned that the amended complaint will supersede the original complaint so it must complete in and of itself. Plaintiff may not amend the complaint "piecemeal" by adding onto what he has already alleged in the original complaint. In his amended complaint, Plaintiff must allege how each individual Defendant violated his constitutional rights. The Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

**IV.  PENDING MOTIONS**

(1)  Appointment of Counsel

There is no absolute right to the appointment of counsel in civil actions such as this one. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff asserts the vague desire to be represented by counsel but asserts no grounds upon which the Court could conclude that extraordinary circumstances exist, and none are apparent from the record. Therefore, Plaintiff's motion to appoint counsel will be denied.

(2)  Jury Trial

Plaintiff is being given the opportunity to file an amended complaint, at which time he can request a jury trial. Therefore, his motion for a jury trial is denied as moot at this time.

**V.  CONCLUSION**

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with this order. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. Plaintiff's Motion for Trial by Jury, (Doc. No. 15), is **DENIED** as moot at this time.

3. Plaintiff's Motion to Request Counsel, (Doc. No. 19), is **DENIED**.

4. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Signed: October 23, 2017

Frank D. Whitney
Chief United States District Judge