UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-235-FDW

| | |
|---|---|
| GARY LEON DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AVERY MITCHELL CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 22). Also pending are Plaintiff's Motion to Request Counsel, (Doc. No. 23), and Motion for Jury Trial, (Doc. No. 24). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 18).

**I.     BACKGROUND**

*Pro se* Plaintiff Gary Leon Duncan filed this action pursuant to 42 U.S.C. § 1983. The initial Compliant was dismissed for multiple facial deficiencies on initial review. (Doc. No. 20). He was granted leave to file an Amended Complaint, which is now before the Court on initial review. Plaintiff names as the sole Defendant Avery Mitchell Correctional Institution's "N.C.I.G./RNCC Supervisor" Ronna Romeny McDaniel. (Doc. No. 22 at 1). Plaintiff alleges that McDaniel violated his constitutional rights by failing to run, or properly run, an N.C.I.S. search prior to his release that would have found two active warrants. Upon his release from Avery Mitchell C.I., Plaintiff got a job and a home, which he furnished. Seven months after his release, he was pulled over on a traffic violation and was arrested on an outstanding fugitive warrant from August 30, 2013. He lost his possessions and liberty as a result of McDaniel's actions, which

resulted in mental anguish, depression, and the "suppression of happ[i]ness…." (Doc. No. 22 at 5). He has lost weight and teeth, and cannot sleep. (Doc. No. 22 at 6). He seeks $200,000 in damages for his mental illness and lost property. (Doc. No. 22 at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Unnamed Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Amended Complaint contains allegations against an individual who is not named as a defendant in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against him nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

**(2) Defendant McDaniel**

Plaintiff alleges that McDaniel did not check, or failed to adequately check, the N.C.I.S. database prior to his release, which would have revealed two outstanding warrants.

3

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

Plaintiff fails to explain how his early release from custody violated any constitutional right. Moreover, Plaintiff fails to allege that McDaniel's alleged actions were anything more than negligent. This is insufficient to state a constitutional claim for the deprivation of life, liberty, or property. "The term 'deprive,' as employed in the Fourteenth Amendment, suggests more than a mere failure to take reasonable care: it connotes an intentional or deliberate denial of life, liberty, or property." Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (misfiling a prisoner request for a money order alleged only negligence, rather than a deliberate act) (quoting Daniels v. Williams, 474 U.S. 327, 330 (1986)).

Therefore, Plaintiff has failed to state a claim against Defendant McDaniel.

**(3)** **Lost Property**

Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels, 474 U.S. at 327). However, post-deprivation remedies do not satisfy the due process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

4

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).

Plaintiff appears to allege that his property loss resulted from a random, unauthorized action rather than an established state procedure. Adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), aff'd, 203 Fed. Appx. 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return it, because plaintiff had an adequate post-deprivation remedy for conversion).

### IV. PENDING MOTIONS

**(1) Appointment of Counsel**

There is no absolute right to the appointment of counsel in civil actions such as this one. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff asserts the vague desire to be represented by counsel but asserts no grounds upon which the Court could conclude that extraordinary circumstances exist, and none are apparent from the record. Therefore, Plaintiff's motion to appoint counsel will be denied.

**(2) Jury Trial**

The Amended Complaint has failed to pass initial review and, therefore, Plaintiff's motion for a jury trial is denied as moot.

## V. CONCLUSION

For the reasons stated herein, the Amended Complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted, Plaintiff's Motion to Request Counsel will be denied, and Plaintiff's Motion for Jury Trial will be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. Plaintiff's Motion to Request Counsel, (Doc. No. 23), is **DENIED**.

3. Plaintiff's Motion for Jury Trial, (Doc. No. 24), is **DENIED** as moot.

4. The Clerk is instructed to close this case.

Signed: May 14, 2018

Frank D. Whitney
Chief United States District Judge